IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RICHARD RUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:12cv40-WHA |
| | ) | |
| NEAL C. TENEN, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

I.  Introduction

This cause is before the court on a Motion for Judgment on the Pleadings, filed by the Defendant (Doc. #14), which this court will analyze as a Motion for Summary Judgment.

The Plaintiff, James Richard Ruth, filed a Complaint in this case on January 12, 2012 bringing a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and a claim for violation of the Alabama Deceptive Trade Practices Act "ADTPA").

The Defendant Neal C. Tenen ("Tenen") moved for judgment on the pleadings.  In response, Ruth filed evidentiary submissions.  The court concluded that it could not evaluate the arguments raised by the parties without considering the evidence cited to in the briefs. Therefore, the court issued an order stating that it was going to consider the motion as one for summary judgment, and gave Tenen additional time to file evidence and a supplemental brief. (Doc. #23).   Tenen filed a supplemental reply brief.

Upon consideration of the all of the briefs and evidence filed, and for reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

II.  Standard

Summary judgment is proper "if there is no genuine issue as to any material fact and  . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III.  Facts

The facts as established by the submissions of the parties, viewed in a light most favorable to the non-movant are as follows:

Ruth was employed by Best Buy Co., Inc.  As an employee, he was entitled to an employee discount.  Ruth has stated in his affidavit that he used the employee discount, along with his life partner, to purchase a television from Best Buy Co., Inc. in September 2010.  In December 2010, Ruth was informed by Best Buy Co., Inc. that the purchase of the television should have been at the full retail price.  On December 28, 2010, Ruth entered into an agreement to pay the balance of the full retail value of the television. (Ruth Aff. at ¶ 9, ¶10).  He was then terminated in January 2011 for improper use of the employee discount. (*Id.* at ¶10).  He disputes that the discount was improperly used.  He states in his affidavit that because he was unemployed he "was unable to keep [the] commitment to pay the debt agreed upon . . . ."  (*Id.* at ¶ 11).

The December 28, 2010 document signed by Ruth is labeled "Promise of Restitution" and states that Ruth agrees to make restitution in a specified amount by January 15, 2011.  (Doc. #19, Ex. D).

On January 14, 2011, a letter was sent to Ruth from Neal C. Tenen ("Tenen"), a law corporation, stating that Tenen had been retained by Best Buy Co., Inc. to collect the balance of Ruth's December 2010 agreement to pay $1,038.14, at a rate of $165.00 per month.  Ruth brings

3

claims against Tenen for making a demand on Ruth in violation of 15 U.S.C. § 1692g(a) and Alabama law.

## IV.  Discussion

Tenen argues that Ruth cannot prove the elements of a FDCPA or ADTPA violation. The court turns first to the grounds for summary judgment as to the federal claim.

To prevail on an FDCPA claim, a plaintiff must prove that:  (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Janke v. Wells Fargo and Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011). Tenen's motion is addressed to only the first element necessary to prove the FDCPA claim.

A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment."  15 U.S.C. § 1692a(5).  "Transaction" is not defined in the statute, but has been determined by the Eleventh Circuit to be unambiguous.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d. 1367, 1371 (11th Cir. 1998).   In the Eleventh Circuit, the FDCPA applies "only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes.*" *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010) (italics in original)

Tenen argues that Ruth's indebtedness to Best Buy Co, Inc. did not arise from a "transaction" under the FDCPA.   Tenen says that the obligation to pay was in the nature of

restitution, and that Ruth's improper use of the employee discount was akin to theft or fraud, citing *Hawthorne*, 140 F.3d at 1372.

In *Hawthorne*, a plaintiff sought FDCPA protection when she received a letter requesting payment of a subrogation claim arising from insurance payments for the plaintiff's negligence in an automobile accident. The Eleventh Circuit explained that all payment obligations are not "debts" subject to the FDCPA, and that the FDCPA applies when there is a consumer consensual or contractual arrangement, not when there are damage obligations. *Id.* at 1371. The court explained that liability for torts is not covered by the FDCPA, but that legal obligations to pay are covered. *Id.* at 1372.

Tenen's broad reading of *Hawthorne* to exclude FDCPA protection from Ruth's obligation, under Tenen's characterization of Ruth's purchase as a fraud or theft, is not consistent with Eleventh Circuit law. In *Hawthorne*, the court recognized that bounced checks are a type of legal obligation which may involve debts covered by the FDCPA. *Id.* The Eleventh Circuit relied on a Seventh Circuit case which held that a dishonored check created a debt that invoked the protections of the FDCPA. *See id.* (citing *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir. 1997)); *Brown v. Budget Rent-A-Car Systems, Inc.,* 199 F.3d 922, 924 (11th Cir. 1997)(same). The Seventh Circuit has further rejected the argument that those who write checks which are later dishonored, knowing that the check will be dishonored for insufficient funds, thereby engaging in fraud, are not protected by the FDCPA. *See Keele v. Wexler,* 149 F.3d 589, 596 (7th Cir. 1998) (stating, "[i]f the Act was designed to protect those who willfully refuse to pay their debts, it makes little sense why consumers who write checks, knowing they will be dishonored, should not enjoy the same protections.").

5

Although the dishonored check analogy may be imperfect in this case, it appears to this court that the reasoning of the dishonored check cases applies, rather than the analysis applied to a tort obligation in the absence of a contract. This case is not a situation in which the "plaintiff has never had a contractual arrangement of any kind with any of the defendants." *Shorts v. Palmer*, 155 F.R.D. 172, 175-76 (S.D. Ohio 1994). Instead, viewing the evidence in a light most favorable to the non-movant, Ruth used an employee discount to buy a television for household purposes, but then the use of the discount was disavowed by Best Buy Co., Inc. When notified that he had to pay the full retail amount pursuant to Best Buy Co., Inc. policy, Ruth agreed to pay the balance of the full retail amount for the television. Under the facts as currently presented, the obligation arose out of a consumer transaction in which the Plaintiff paid for a household good, but failed to pay the full retail amount for the good.

The case is, however, complicated by the fact that Tenen's letter, which is the subject of this lawsuit, did not refer to the initial purchase of the television, but instead referred to the obligation memorialized in the December 2010 agreement labeled a "Promise of Restitution."

In cases in which two transactions are involved, even if a contractual or consensual arrangement occurs in one transaction, there must also be a contractual or consensual arrangement between the parties whose relationship forms the basis of the obligation for which the plaintiff seeks protection under the FDCPA. *See Hawthorne*, 140 F.3d at 1371.

Ruth argues that there was no new consideration supporting the promise to pay the full retail amount of the television, and that the obligation was a continuing one arising out of the original purchase transaction. His affidavit states that he was informed that he had to pay the full retail amount and agreed to pay that amount. (Ruth Aff. at ¶10).

Tenen contends that the obligation to pay is restitution, and points out that cases have found that restitution is not a "debt" within the meaning of the FDCPA. The cases cited by Tenen, however, involved the leveling of fines and restitution by governments. *See, e.g., Misty Dawn Bell v. Providence Community Corrections, Inc.*, No. 3:11-00203, 2011 WL 2218600 (M.D. Tenn. June 7, 2011) (stating that FDCPA does not apply to fees and charges as part of the order which placed the plaintiff on probation). They do not involve agreements between parties.

Tenen also states that the December 2010 restitution agreement was entered into to avoid liability, not to obtain the consumer good. Tenen does not cite evidence in the record to support that contention, however.[1] The court is not persuaded to conclude, and Tenen has not cited supporting authority to support a conclusion, that the label "restitution" on the document is dispositive. Ruth's affidavit states he agreed to pay the balance of the retail value of the television, not that he agreed to pay the full retail amount in consideration for an avoidance of liability. (Ruth Aff. at ¶10). At this point, there are no facts to support a legal conclusion that the December 2010 agreement was a new obligation.

At this point in the proceedings, viewing the evidence in a light most favorable to the non-movant, the agreement to pay the balance of the full retail price of the television was an obligation arising from a consumer transaction to purchase the television, and therefore within the meaning of the FDCPA. The Defendant's motion for summary judgment is, therefore, due to be denied as to the FDCPA claim.

---

[1] Because there is no evidence to support this characterization at this point in the proceedings, the court need not decide at this time if such circumstances would remove the obligation from the FDCPA.

The only basis for judgment articulated as to the ADTPA claim in Tenen's original brief is a sufficiency of pleading argument.  When given the opportunity by the court to supplement the motion, Tenen has stated that Ruth cannot maintain an ADTPA claim, but appears to base this argument on the same arguments advanced by Tenen regarding the FDCPA claim.  (Doc. #24).   Having concluded that summary judgment is due to be denied as to the FDCPA claim, therefore, the court concludes, without deciding any issue of interpretation of the ADTPA,[2] that the Motion for Summary Judgment is also due to be DENIED as to the ADTPA claim.   The denial of summary judgment as to the FDCPA and ADTPA claims, however, is without prejudice to the Defendant again moving for summary judgment, at the appropriate time, upon factual development of the evidence in this case.

## V.  Conclusion

For the reasons discussed, the Motion for Judgment on the Pleadings, which the court has given notice would be treated as a Motion for Summary Judgment (Doc. #14), is hereby ORDERED DENIED.  This denial is without prejudice to the Defendant again moving for summary judgment upon further factual development in the case.

Done this 13th day of June, 2012.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON

---

[2] Ruth has relied on an interpretation of Georgia law to support his claim. The court need not reach the issue of the applicability of that case law at this time because Tenen's argument is based on the same arguments he makes regarding the FDCPA claim, rather than being based on Alabama law.

/s/ SENIOR UNITED STATES DISTRICT JUDGE